UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  16-cv-62660-BLOOM/Valle

PRIME INVESTORS & DEVELOPERS, LLC

    Plaintiff/Counter-Defendant,

v.

ROCKWOOD SPECIALTIES, LLC,

    Defendant/Counter-Plaintiff

v.

KEY LARGO HOSPITALITY LAND TRUST

    Counter-Defendant.

_____/

## ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court upon a Motion for Remand filed by Plaintiff/Counter-Defendant Prime Investors & Developers, LLC ("Prime Investors"), ECF No. [19] ("Motion for Remand").  These proceedings arise from an action originally filed by Prime Investors in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.  Prime Investors moves the Court to remand proceedings back to state court.  Defendant/Counter-Plaintiff Rockwood Specialties, LLC ("Rockwood") opposes the Motion for Remand.  For the reasons that follow, the Court grants the Motion for Remand.

**I.   BACKGROUND**

On July 29, 2016, Prime Investors filed a Complaint for breach of contract against Rockwood in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  *See* ECF No. [1-1], Exh. A.  Prime Investors alleges that Rockwood breached a Subcontractor Base Agreement (the "Agreement") that the parties entered into on July 10, 2015, whereby Rockwood

was to "supply and install finished carpentry, architectural woodwork, millwork and trim" for a project relating to property in Key Largo, Florida. *Id.* at ¶¶ 8, 10. On September 13, 2016, Rockwood filed an Answer, Affirmative Defenses and Counterclaim (the "Counterclaim"), wherein Rockwood asserts its own claim for breach of contract against Prime Investors, and also seeks to enforce a construction lien and recover on a quantum meruit claim against Counter-Defendant Key Largo Hospitality Land Trust, Steven B. Greenfield, Trustee – the owner of the subject property. ECF No. [1-1], Exh. B. On September 13, 2016, Rockwood propounded a single request for admission relating to Prime Investor's damages. *See* ECF No. [1] at ¶ 3. Prime Investors responded on October 21, 2016, admitting that the amount in controversy exceeds $75,000. ECF No. [1-1], Exh. C. Thereafter, on November 10, 2016, Rockwood removed this matter to this Court pursuant to this Court's diversity jurisdiction.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1332(a), a district court is vested with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." There is no dispute here that the amount in controversy exceeds the jurisdictional threshold; Prime Investors instead moves for remand on the basis that removal was not timely effectuated. The time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . . .
> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become removable.

The parties are in disagreement as to what triggered the 30-day period during which Rockwood had to remove the action. Prime Investors contends that the Complaint filed on July 29, 2016 triggered the 30-day removal period in that it sufficiently disclosed an amount in controversy in excess of $75,000. Alternatively, Prime Investors argues that the 30-day removal period was triggered, at the latest, by Rockwood's Counterclaim filed on September 13, 2016, wherein Rockwood alleges "damages for greater than the sum or value of $75,000 . . . ." ECF No. [1-1], Exh. B at 4, ¶ 1. In response, Rockwood argues that the Complaint is not clear as to the damages alleged by Prime Investors, and therefore directs the Court to Prime Investors' October 21, 2016 response to Rockwood's request for admission as the trigger for the 30-day removal period. The removal, effectuated on November 10, 2016, would be timely only if the October 21, 2016 date applies.

The Complaint, in its opening paragraph, states that "the amount in controversy exceeds $15,000" – the threshold amount required to invoke the state court's jurisdiction. ECF No. [1-1], Exh. A at ¶ 1. At paragraph 10, the Complaint alleges Rockwood's breach of the Agreement (attached to the Complaint) by Rockwood's failure, among other things, "to promptly correct defective work resulting in *delays to the Overall Project Schedule* ('OPS')" and "to timely deliver and install granite/solid surface countertops resulting in *delays to the OPS*." *Id.* at ¶¶ 10(a)-(b) (emphasis added). With respect to the alleged delays in Rockwood's work, the Complaint, at paragraph 12, references a liquidated damages provision contained in the parties' Agreement:

> The Agreement contains a Liquidated damages provision. Rockwood agreed that because delay damages resulting from its failure to "strictly comply" with the OPS are difficult to ascertain, should Rockwood fail to timely complete all work,

3

> it must credit back to Plaintiff $1,000.00 for each and every day Rockwood is late in completing the Work. Pursuant to the Agreement and because of Rockwood's substantial delays, Plaintiff is entitled to liquidated damages.

*Id.* at ¶ 12.  The OPS referred to in paragraphs 10 and 12 of the Complaint is delineated in the attached Agreement and indicates that the work to be performed by Rockwood was to be completed by August 17, 2015, more than eleven months prior to Prime Investors' filing of the Complaint.  *See* ECF No. [1-1] at 68.

Notwithstanding the above, Rockwood argues in conclusory fashion that the Complaint's "vague reference to a liquidated damage claim" was insufficient to trigger the 30-day removal period.  ECF No. [22] at 3.  Importantly, however, Rockwood does not dispute that its work was to be completed by August 17, 2015 pursuant to the OPS outlined in the Agreement, or that the "substantial delays" alleged in paragraph 12 of the Complaint included more than 75 days following August 17, 2015 – assertions raised in Prime Investors' Motion to Remand.[1]  *See* ECF No. [19] at 6.  Rather, Rockwood relies on *George v. Wells Fargo Bank, N.A.*, 2014 WL 61487 (S.D. Fla. Jan. 8, 2014).  There, the plaintiffs sued their mortgage company for breach of contract and intentional infliction of emotional distress after the mortgage company reneged on a permanent loan modification that the parties had previously entered into.  *Id.* at *1.  The Court found that the plaintiffs' original complaint did not permit the defendant mortgage company to determine that the amount in controversy exceeded $75,000 for purposes of removal because, although it alleged specific amounts of money relating to the total purchase price of the subject property, the down payment, and the loan amount, it "did not state that [the] [p]laintiffs sought to recover the original loan amount or down payment[,] . . . . [and] nothing in the original [c]omplaint [] show[ed] any relationship between the price of the home and the damages sought."  *Id.* at *3.  As the Court explained, "while the original complaint stated amounts of

---

[1] Indeed, Rockwood addresses neither point in its Response to the Motion to Remand.  *See* ECF No. [22].

money (*i.e.*, the down payment, the purchase price of house, etc.), it did not link those amounts to any of the causes of action." *Id.*

As the holding in *George* was predicated on the lack of a relationship between the amounts stated and the causes of action asserted in the complaint, the Court finds it inapposite. Here, unlike in *George*, the damages sought by Prime Investors are "clearly identified and [] linked" to the breach of contract claim asserted against Rockwood. *Id.* Specifically, the Complaint alleges that Prime Investors is entitled to liquidated damages as a result of Rockwood's "substantial delays" with respect to the OPS. ECF No. [1-1], Exh. A at ¶ 12. Furthermore, the Complaint identifies those delays as well as a specific term under the Agreement regarding the calculation of the resulting damages. *See id.* at ¶¶ 10(a)-(b), 12.

Regarding the actual amount of damages, while the Court "will not speculate as to the amount of damages and cannot expect the Defendant to have done so[] where the pleading itself states *only* that the amount in controversy exceeds $15,000[,]" *Lamberton v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (emphasis added), the initial pleading in this case clearly states much more than that. The Complaint alleges specific "delays to the OPS" as a result of Rockwood's work, incorporates the parties' Agreement – which, as mentioned, indicates that Rockwood was to complete its work by August 17, 2015 – and references the Agreement's liquidated damage provision under which Prime Investors is entitled to "$1,000.00 for each and every day Rockwood is late in completing the Work". The Complaint does not invite speculation as to damages in this context given that it was filed well after 75 days had passed since the August 17, 2015 deadline. ECF No. [1-1] at 14-68; ECF No. [1-1], Exh. A at ¶¶ 10(a)-(b), 12; *see also* ECF No. [1-1], Exh. A at ¶¶ 11, 13 (alleging that Rockwood refused to correct the defective work and that Prime Investors "*continues* to suffer damages") (emphasis added); *cf.*

5

*Lamberton*, 918 F. Supp. 2d at 1285 (finding that the complaint's allegations that the plaintiff suffered serious permanent physical injuries – including near complete blindness in one eye and partial vision loss in the other eye – were insufficient without more to establish the jurisdictional minimum). Thus, the Court finds that it is apparent on the face of the Complaint (and the Agreement incorporated therein) that the amount in controversy exceeds the jurisdictional requirement.

Accordingly, the 30-day removal period began upon service of the Complaint – not upon Rockwood's Counterclaim filed on September 13, 2016 or Prime Investors' October 21, 2016 response to Rockwood's request for admission. Rockwood's notice of removal filed on November 10, 2016 was therefore untimely.[2]

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Prime Investor's Motion to Remand, **ECF No. [19]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. The Clerk of Court is directed to **CLOSE** this case. All pending motions in this matter are **DENIED AS MOOT**.

---

[2] Prime Investors also moves for remand on the alternative basis that the Complaint does not sufficiently allege the citizenship of Prime Investors and Rockwood, both of which are limited liability companies. *See generally Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[T]he citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.") (citation omitted). The Court declines to address this basis for remand, however, because the untimeliness of Rockwood's notice of removal is dispositive. *Cf. South Beach Grp. Hotels, Inc. v. James River Ins. Co.*, 2016 WL 4157422, at *2 (S.D. Fla. Aug. 5, 2016) ("[T]he Eleventh Circuit[] [has] instruct[ed] that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency.") (citing *Corp. Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009)).

Case No. 16-cv-62660-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 4th day of January, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record